[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
In the present action, the amended complaint states, in three counts, claims arising out of a transfer, without consideration, by the plaintiff to her husband prior to his death of her undivided one-half interest in the property claimed to be the marital home. In the Third count of the complaint, a cause of action is alleged based upon legal malpractice and directed to the plaintiff's stepson J. Schmerge, ("Schmerge") The Third count alleges that Schmerge, was a duly licensed attorney and that at all relevant times he was acting as attorney for the plaintiff and then claims her damages and losses were caused as a result of Schmerge's negligence; in that he misrepresented to her that it would be in her best interest to transfer her one-half interest in the marital home; in that he failed to advise her to obtain independent legal counsel; in that he continued to give her legal advise notwithstanding a conflict of interest; in that he failed to advise her that she would be forever foregoing a valuable asset; and in that he failed to advise her that it was contrary to her best interest to transfer her one-half interest. CT Page 6181
Schmerge now moves for summary judgment on the Third Count asserting that responses given by the plaintiff at a deposition establish that there was no attorney/client relationship and therefore a cause of action in legal malpractice cannot be maintained.
The transfer of the plaintiff's one-half interest in the claimed marital home is alleged to have occurred on February 8, 1989. At the deposition taken of the plaintiff, she testified that she executed a will in August of 1988 and that she considered Schmerge to be her attorney in connection with that will. She also testified that she did not receive a bill for those services. A few questions were asked concerning the execution of the will. Thereafter, the following occurred upon which the defendant bases his Motion for Summary Judgment:
Q: "After the preparation of your 1988 will, which is Exhibit 6 and another copy of which is Exhibit 5, did Peter Schmerge ever act as your attorney in connection with anything else? Answer: No." Following the above quoted question and answer, questions were then asked concerning the sums received by the plaintiff from her husband's estate.
The defendant therefore claims that based upon the plaintiff's own answers given at the deposition, there can be no attorney/client relationship and therefore no cause of action for legal malpractice. See Krawczyk v. Stingle, 208 Conn. 239, 244
(1988).
In opposition to the Motion for Summary Judgment, the defendant has filed an affidavit stating that when she responded to the above quoted question, she meant that Schmerge was not an attorney hired by her to represent her interest exclusively and that she understood him to be a lawyer representing her family consisting of her husband and herself. The plaintiff also states that she was never asked at the deposition if she considered Schmerge's function to be and if asked, she would have replied that she believed him to be the family attorney acting in the best interest of her husband and herself. She also stated that she trusted and relied upon Schmerge's expertise as a lawyer when she followed his directions to execute the deed.
"The test of the attorney/client relationship is not who pays the bills but to whom allegiance is owed." Petrowski v. Norwich Free Academy, 2 Conn. App. 551, 563 (1984). The question asked of the plaintiff at the deposition upon which the present motion is based was a general question that did not specifically cover the relationship between the parties at the time of the transfer of the property. The prior preparation of a will by Schmerge for the plaintiff as well as the statements contained in the affidavit CT Page 6182 filed by the plaintiff raise a question of fact as to whether an attorney/client relationship existed. Accordingly, the Motion for Summary Judgment is denied.
RUSH, J.